IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| MAURICE R. ARCHER, | CV 22-083-BU-BMM-JTJ |
| Petitioner, | |
| vs. | ORDER |
| SUPREME COURT OF MONTANA, STATE OF MONTANA, | |
| Respondents. | |

This case comes before the Court on Montana pro se Petitioner Maurice R. Archer's petition for writ of habeas corpus under 28 U.S.C. § 2254.  (Doc. 1.)

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading.  The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id*.; see also, 28 U.S.C. § 1915A(B)(1),(2) (the court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis upon which habeas relief may be granted). As explained below, the Court is without jurisdiction to consider Archer's third petition for habeas relief related to his 2007 conviction. The petition will be

1

dismissed.

### I.      28 U.S.C. § 2254

The petition at hand is the third one Archer has filed in this Court. He filed his first in 2009. That petition, which challenged his 2007 conviction for incest and sexual intercourse without consent, was dismissed with prejudice. Doc. 11, *Archer v. Law et al.*, CV 09-73-BU-SEH-RKS (March 2, 2010). Archer's second petition for habeas relief on the same conviction was filed on June 24, 2015. *Archer v. Berkebile*, CV 15-51-GF-BMM. It, too, was dismissed with prejudice. *Id.*, at Doc. 9.

Since the disposition of his last petition, Archer has continued challenging his sentence in the state courts.  He filed a "Motion in the Nature of Writ of Error Coram Nobis" under the caption of his criminal case. (Doc. 1 at 2 (stating that the document was filed as an exhibit but it does not appear to be attached.)) There is nothing in Archer's submissions to show that the district court has ruled on his motion. He has not appealed any ruling of the district court if it has ruled.

Archer simultaneously filed a motion for writ of supervisory control in the Montana Supreme Court, requesting that it take control of the district court proceeding in which he had filed his coram nobis motion. (Doc. 1-1 at 7.) The Montana Supreme Court denied Archer's motion, stating that "Archer is not entitled to a writ of supervisory control over the District Court because his

proceeding there was completed years ago." (Doc. 1-1 at 4 (*Archer v. State et al.*, OP 22-0649 (Dec. 6, 2022.))

Archer's petition here must be dismissed. Archer's prior criminal proceeding represents the only state law proceeding of which he seeks review. No matter how he has tried to appeal or modify that sentence, the underlying intent of his state court actions is to change the outcome of his criminal proceedings. That is the purpose of his habeas petition here. The Court lacks jurisdiction to consider, however, any further challenges to Archer's 2007 conviction unless and until the Ninth Circuit authorizes him to file a successive petition.  See, *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam). Absent such authorization, Archer may not proceed in this Court.

## II.  CERTIFICATE OF APPEALABILITY

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484

(2000)).

A certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

**ORDER**

1.      Archer's Petition (Doc. 2) is DENIED and DISMISSED with

prejudice.

2.      The Clerk of Court is directed, by separate document, to enter

Judgment in favor of Respondent and against Petitioner.

3.      A certificate of appealability is DENIED.

DATED this 5th day of April, 2023.


_____

Brian Morris, Chief District Judge
United States District Court